SCOTT N. SCHOOLS (SCSB 9990)
United States Attorney
CHARLES M. O'CONNOR (SBN 56320)
Assistant United States Attorney
Environment and Natural Resources
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7180
Facsimile: (415) 436-6748

JOHN M. CUMMINS (PA Bar 58539)
Special Assistant United States Attorney
410 Palm Avenue, Bldg. 1, Suite 161
San Francisco, CA   94130-1806
Telephone: (415) 743-7418
Facsimile: (415) 743-4700

Attorneys for Plaintiff UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN VAN LINES<br><br>        Defendant. | Case No.:  C 07-01856  SC<br><br>**JOINT STIPULATION OF DISMISSAL WITH LEAVE TO REINSTITUTE ACTION;  [PROPOSED] DISMISSAL ORDER [Fed.R.Civ.P. 41(a)(1)(ii)]** |

        It is hereby STIPULATED by and between plaintiff, United States of America, and

defendant, GFC Moving and Storage, Inc. d/b/a/ American Van Lines, that this action be

dismissed without prejudice in accordance with the terms of the Settlement Agreement

attached hereto as Exhibit A.

1    The parties further agree and stipulate that in the event a payment required to be made

2    by the defendant to the plaintiff pursuant to the Settlement Agreement is not timely made, the

3    plaintiff may rescind its release, rescind this Stipulation of Dismissal, reinstitute this civil

4    action and file the Stipulation for Entry of Judgment with the Court and have judgment entered

5    in accordance with the Settlement Agreement.  The parties respectfully request the Court to

6    retain jurisdiction to enforce the terms of the Settlement Agreement in accordance with the

7    terms of the attached [Proposed] Dismissal Order.

8    Except as expressly provided to the contrary in the Settlement Agreement, each party

9    shall bear its own legal and other costs incurred in connection with this matter.

10                                    Respectfully submitted,

11

12                                    GFC MOVING AND STORAGE, INC.
                                      d/b/a AMERICAN VAN LINES

13

14   Dated:_____        By: _____

15                                    GEORGE COREA, PRESIDENT

16

17                                    LOW, BALL & LYNCH

18   Dated:_____        By: _____

19                                    GUY W. STILSON
                                      Attorneys for Defendent

20

21

22                                    SCOTT N. SCHOOLS
                                      United States Attorney

23

24   Dated: _____          _____

25                                    JOHN M. CUMMINS
                                      Special Assistant United States Attorney

26                                              2
     JOINT STIPULATION OF DISMISSAL AND [PROPOSED] DISMISSAL ORDER
27   U.S. v. AMERICAN VAN LINES  –  Case No. C 07-01856  SC

28

1

Attorneys for Plaintiff

2

IN THE UNITED STATES DISTRICT COURT

3

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

SAN FRANCISCO DIVISION

5

6

THE UNITED STATES OF AMERICA

Case No.:  C 07-01856  SC

7

Plaintiff,

8

v.

**[PROPOSED] DISMISSAL ORDER**
**[Fed.R.Civ.P. 41(a)(1)(ii)]**

9

AMERICAN VAN LINES

10

Defendant.

11

12

13

14

15

It is stipulated among the parties to this action and is hereby ORDERED and

16

DETERMINED by the COURT as follows:

17

1.      This action is dismissed without prejudice in accordance with the terms of

18

the parties' Settlement Agreement, attached as Exhibit A to the Joint

19

Stipulation of Dismissal, and subject to the other requirements of this

20

ORDER.

21

22

2.      The terms of the Settlement Agreement signed by the Parties and dated

23

December __, 2007 (including its attachments), are incorporated into this

24

ORDER, and the COURT retains jurisdiction over said Settlement

25

26

27

28

Agreement.

3.     In the event the payments required to be made by the defendant to the plaintiff pursuant to the Settlement Agreement are not timely made, the plaintiff may rescind its release, rescind this Stipulation of Dismissal and/or reinstitute this civil action and have judgment entered in accordance with the Stipulation for Entry of Judgment attached to the Settlement Agreement and incorporated into this ORDER by reference.


IT IS SO ORDERED.


DATED:     12/6/07

IT IS SO ORDERED

Judge Samuel Conti

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOINT STIPULATION OF DISMISSAL AND [PROPOSED] DISMISSAL ORDER
U.S. v. AMERICAN VAN LINES  –  Case No. C 07-01856  SC

1        The parties further agree and stipulate that in the event a payment required to be made

2  by the defendant to the plaintiff pursuant to the Settlement Agreement is not timely made, the

3  plaintiff may rescind its release, rescind this Stipulation of Dismissal, reinstitute this civil

4  action and file the Stipulation for Entry of Judgment with the Court and have judgment entered

5  in accordance with the Settlement Agreement.  The parties respectfully request the Court to

6  retain jurisdiction to enforce the terms of the Settlement Agreement in accordance with the

7  terms of the attached [Proposed] Dismissal Order.

8        Except as expressly provided to the contrary in the Settlement Agreement, each party

9  shall bear its own legal and other costs incurred in connection with this matter.

10            Respectfully submitted,

11

12            GFC MOVING AND STORAGE, INC.
              d/b/a AMERICAN VAN LINES

13

14  Dated: 6 Dec 07

15            By: _____
              GEORGE COREA, PRESIDENT

16

17            LOW, BALL & LYNCH

18  Dated: 12-5-2007

19            By: _____
              GUY W. STILSON
              Attorneys for Defendant

20

21

22            SCOTT N. SCHOOLS
            United States Attorney

23

24  Dated: 5 Dec, 2007

25            JOHN M. CUMMINS
            Special Assistant United States Attorney

26                       2

27  JOINT STIPULATION OF DISMISSAL AND [PROPOSED] DISMISSAL ORDER
    U.S. v. AMERICAN VAN LINES – Case No. C 07-01856 SC

28

~~DRAFT 11/14/07~~

## SETTLEMENT AGREEMENT AND RELEASE

UNITED STATES OF AMERICA v. AMERICAN VAN LINES
[Case No. C 07-1856 SC]
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

### I. PARTIES

This Settlement Agreement ('Agreement') is entered into between the United States of America, acting through the United States Department of Justice, and on behalf of the Department of the Navy (collectively, the'United States'), and American Van Lines . The United States and American Van Lines are hereafter collectively referred to as"the Parties."

### II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A.     Defendant, GFC Moving and Storage, Inc. d/b/a/ American Van Lines, is a corporation organized and existing under the laws of the State of California, and is currently located on property under lease from the United States at the former Naval Air Station Alameda, Alameda, California., with its agent for service of process located in San Francisco, California.

B.     American Van Lines formerly licensed and then leased property from the United States, located on the Hunters Point Naval Shipyard, San Francisco, California (Hunters Point), under Lease #N6247492RP00H69 ('the Lease'). Said Licenses included License Numbers N6247487RP00P68, N6247488RP00P42, N6247489RP00H13, N6247490RP00H03, N6247491RP00H14, and N6247492RP00H05.

C.     Following termination of the Lease at Hunters Point, a License for the purpose of removing equipment and vacating the property was subsequently issued to American Van Lines (License Number N4769206RP06P26).

D.     The United States claims American Van Lines did not vacate the premises upon expiration of the License.

E.     The United States claims American Van Lines is delinquent in its payment under such License.

F.     The United States filed this Civil Action, Case No. C 07-1856 SC, on April 3, 2007, to eject American Van Lines from land held by the Department of the Navy at the Shipyard and to recover delinquent rent.

1

~~DRAFT 11/14/07~~

G.    American Van Lines vacated the premises by May 18, 2007.

H.    The United States claims American Van Lines owes the United States unpaid License fees and interest thereon.

I.    American Van Lines asserts, as an offset to the Government's claim for unpaid license fees, that a total of eight 55 gallon drums of allegedly hazardous material came into its possession at Hunters Point and that such drums belong to the United States Navy. The Navy denies this allegation. Upon vacating Hunters Point, American Van Lines transported these drums and their contents to its current leasehold at NAS Alameda. To ensure protection of human health and the environment, to preserve the condition of Navy real property, and to avoid delay due to settlement negotiations, the United States will take custody of the drums at NAS Alameda and dispose of them in accordance with applicable state and federal law.

J.    Therefore, to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims and of any defenses that American Van Lines has asserted or may assert, the Parties have reached an agreement in settlement of this Civil Action for ejectment and back rent, as set forth herein.

## III.    TERMS AND CONDITIONS

### Settlement Amount And Payment Terms

1.    American Van Lines agrees to pay the United States $50,425 (the 'Settlement Amount'). The Settlement Amount is immediately due and owing, to be discharged under the following terms: (1) A payment of $7,712.50 shall be paid to the United States no later than ten days after the Effective Date of this Agreement (the 'Initial Payment'); and (2) eight quarterly payments of $5,000 shall be paid to the United States, with the first payment due ninety calendar days following the Effective Date of this Agreement, to be followed by a ninth and final quarterly payment in the amount of $2,712.50

2.    Each of the payments specified herein shall be paid to the United States Treasury by delivering a valid check made payable to the United States Department of the Treasury to:

Department of the Navy
BRAC Program Management Office
1455 Frazee Road, Suite 900
San Diego, CA  92108-4310

3.    The entire balance of the Settlement Amount or any portion thereof, due to the United States under this Agreement may be prepaid without penalty.

2

DRAFT 11/14/07

4.    In the event that American Van Lines is sold or otherwise transferred by its current officers, or there is a sale of 50% or more of American Van Lines stock, equity or assets, at any time before all payments pursuant to this Agreement have been made, American Van Lines agrees that the remaining balance due on the Settlement Amount shall be paid on or before the date of the closing of such sale or transfer.

5.    As described in Subsection II.I above, the United States will take custody of the drums at NAS Alameda and dispose of them in accordance with applicable state and federal law. The United States' assumption of custody and disposal responsibility for such drums shall in no way be construed as an admission of the United States' use, ownership, generation, storage, treatment, or transportation, or other exercise of control over said drums except to effectuate safe disposal as described above. Nor shall the United States' actions, as described above, constitute an admission or acceptance of any past, present, or future criminal, civil, or administrative liability related thereto.

<u>Releases</u>

6.    American Van Lines, for itself and for its successors, attorneys, agents and assigns, fully and finally releases the United States, its agencies, employees, servants and agents from any claims (including attorney's fees, costs, and expenses of every kind and however, denominated) which American Van Lines has asserted, could have asserted or may assert in the future against the United States, its agencies, employees, servants, and agents, arising from or related to (1) American Van Lines' use, occupancy and vacation of the property described in the Lease, and (2) the United States' investigation and prosecution thereof

7.    The United States fully and finally releases American Van Lines and its successors, attorneys, agents, assigns, employees and servants from all claims asserted by the United States in the action filed in the United States District Court for the Northern District of California known as UNITED STATES OF AMERICA v. AMERICAN VAN LINES, Case No. C 07-1856 SC.

<u>Reservations</u>

8.    Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including American Van Lines) are the following claims of the United States:

a.    Any civil, criminal, or administrative liability arising from Title 26, U.S. Code (Internal Revenue Code);

b.    Any criminal liability;

c.    Any liability to the United States (or its agencies) for any and all subject matter other than for ejectment, trespass, injunctive relief and unpaid rent as stated in the claims for relief in <u>UNITED STATES OF AMERICA v. AMERICAN VAN</u>

3

~~DRAFT 11/14/07~~

LINES, Case No. C 07-1856 SC. Included among the liabilities that are specifically reserved and excluded from the scope and terms of this Agreement, are claims against American Van Lines for indemnification under any applicable Lease, License or sublease concerning occupancy by defendant of either Hunters Point or the former NAS Alameda, and any claim whatsoever for environmental compliance costs, remediation costs, or other environmental liabilities in connection with the eight drums of hazardous materials described in Subsections II.I or III.5 of this agreement;

       d. Any liability based upon such obligations as are created by this Agreement, including any legal action necessary by the United States to enforce the terms of this Agreement.


Default

    9.    In the event that American Van Lines fails to make any payment as specified in Paragraph 1 or fails to comply with any other material term of this Agreement, then American Van Lines shall be in default of this Agreement.

    10.    If American Van Lines fails to cure such default within ten calendar days after the United States gives notice of the default to American Van Lines, then the United States may take any or all of the following actions at its sole discretion: (1) the amount of $60,425 (minus any payments already made) shall become immediately due and payable, and shall bear interest at the rate established by the Secretary of the Treasury in accordance with Public Law 95-563 as of the date of default until payment is made in full, (2) the United States shall file the Stipulation for Entry of Judgment, attached as Exhibit A and made a part hereof, with the Court for entry of judgment, (3) any dismissal as to American Van Lines shall, at the option of the United States, be null and void, (4) reinstitute an action or actions against American Van Lines in this Court, and (5) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing to American Van Lines by any department, agency, or agent of the United States at the time of the default.

    11.    American Van Lines agrees not to contest any draw, offset, or collection action undertaken by the United States pursuant to this Agreement, either administratively or in any State or Federal Court.

    12.    American Van Lines agrees to pay the United States all reasonable costs of collection and enforcement of this Agreement, including attorneys' fees and expenses.

    13.    American Van Lines expressly agrees not to plead, argue, or otherwise raise any defense under the theories of statute of limitations, laches, estoppel, waiver, res judicata, issue preclusion, or other defenses based upon any contention that the claims raised in the subsequent proceeding should have been brought in the instant action, to any action taken by the United States pursuant to this Settlement Agreement or to any civil or

4

DRAFT 11/14/07

administrative claims which are filed by the United States and relate to UNITED
STATES OF AMERICA v. AMERICAN VAN LINES, Case No. C 07-1856 SC.

### Attached Stipulations

14.    Concurrent with the signing of this Agreement, the parties shall sign the
Stipulation for Entry of Judgment (Attached as Exhibit A and made a part hereof) and the
Stipulation and Joint Motion for Conditional Dismissal without prejudice (Attached as
Exhibit B and made a part hereof). The Stipulation and Joint Motion for Conditional
Dismissal shall provide that (1) the Court shall retain jurisdiction to enforce the terms of
this Agreement, and (2) the conditional dismissal shall be subject to the right of the
United States to reinstitute the Civil Action and to file the Stipulation for entry of
Judgment with the Court for entry of judgment. Upon entry of such judgment, and in
addition to any other remedies available to the United States, the United States may
execute on such judgment immediately.

### Benefit of the Parties

15.    This Agreement is intended to be for the benefit of the Parties only. The
Parties do not release any claims against any other person or entity, except to the extent
expressly provided for in this Agreement.

### Solvency

16.    American Van Lines warrants that it has reviewed its financial situation
and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and
548(a)(1)(B)(ii)(I), and will remain solvent following payment to the United States of the
Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute
this Agreement, they (a) have intended that the mutual promises, covenants, and
obligations set forth constitute a contemporaneous exchange for new value given to
American Van Lines within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that
these mutual promises, covenants, and obligations do, in fact, constitute such a
contemporaneous exchange. Further the Parties warrant that the mutual promises,
covenants, and obligations set forth herein are intended and do, in fact, represent a
reasonably equivalent exchange of value which is not intended to hinder, delay, or
defraud any entity to which American Van Lines was or became indebted to on or after
the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

### Bankruptcy Protections

17.    If within ninety-one days of the Effective Date of this Agreement or of
any payment made hereunder, American Van Lines commences, or a third party
commences, any case, proceeding, or other action under any law relating to bankruptcy,
insolvency, reorganization, or relief of debtors, (1) seeking to have any order for relief of
any or all of American Van Lines' debts, or seeking to adjudicate American Van Lines as

5

~~DRAFT 11/14/07~~

bankrupt or insolvent; or (2) seeking appointment of a receiver, trustee, custodian, or other similar official for American Van Lines or for all or any substantial part of American Van Lines' assets, American Van Lines agrees as follows:

a. American Van Lines' obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and American Van Lines shall not argue or otherwise take the position in any such case, proceeding, or action that (i) American Van Lines's obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) American Van Lines was insolvent at the time this Agreement was entered into, or became insolvent as a result of the payments made to the United States, or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to American Van Lines.

b. If American Van Lines' obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its own option, may rescind its obligations under this Agreement, and bring any civil and/or administrative claim, action, or proceeding against American Van Lines. American Van Lines agrees that (i) any such claims, actions, or proceedings brought by the United States are not subject to an 'automatic stay' pursuant to 11 U.S.C. § 362(a) as a result of the action, case or proceeding described in the first clause of this Paragraph, and that American Van Lines shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) American Van Lines shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings which are brought by the United States within one hundred and twenty calendar days of written notification to American Van Lines that the releases have been rescinded pursuant to this Paragraph, and (iii) the United States has a valid claim against American Van Lines and the United States may pursue such claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action or proceeding.

c. American Van Lines acknowledges that its agreement in this Paragraph is provided in exchange for valuable consideration provided in this Agreement.

<u>Other</u>

18.    Except as expressly provided to the contrary in this Agreement, each Party will bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement

19.    American Van Lines represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

20.    This Agreement is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between the Parties

6

~~DRAFT 11/14/07~~

under this Agreement will be the United States District Court for the Northern District of California.

21.     This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

22.     The individual(s) signing this Agreement on behalf of the parties hereto each represents and warrants that he/she is authorized by his/her principal indicated below to execute this Agreement.

23.     Each of the parties hereto enters into this Agreement after consulting with counsel and being fully advised of its legal rights.

24.     This Agreement is binding on American Van Lines' successors, transferees, and assigns.

25.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

26.     This Agreement is effective on the date of signature of the last signatory to the Agreement ('Effective Date'). Facsimile of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.


AMERICAN VAN LINES

George R. Correa, President                          Date: 6 Dec 07


UNITED STATES OF AMERICA

John M. Cummins                                      Date: 5 Dec. 2007
Special Assistant United States Attorney
Northern District of California


I, Guy W. Stilson, am counsel for GFC Moving and Storage, Inc. d/b/a/ American Van Lines. I have discussed this Settlement Agreement with Mr. Correa, President of

7

SETTLEMENT AGREEMENT
U.S. v. AMERICAN VAN LINES - Case No. C 07-1856 SC

~~DRAFT 11/14/07~~

American Van Lines, and he has executed same after receiving my counsel with regard hereto.

LOW, BALL & LYNCH

Date: 12-5-2007

GUY W. STILSON
Attorneys for Defendant

8

# Exhibit A

to Settlement Agreement and Release

1  SCOTT N. SCHOOLS (SCSB 9990)
   United States Attorney
2  CHARLES M. O'CONNOR (SBN 56320)
   Assistant United States Attorney
3  Environment and Natural Resources
   450 Golden Gate Avenue, Box 36055
4  San Francisco, CA 94102-3495
   Telephone: (415) 436-7180
5  Facsimile: (415) 436-6748

6  JOHN M. CUMMINS (PA Bar 58539)
   Special Assistant United States Attorney
7  410 Palm Avenue, Bldg. 1, Suite 161
   San Francisco, CA  94130-1806
8  Telephone: (415) 743-7418
   Facsimile: (415) 743-4700

9

10  Attorneys for Plaintiff UNITED STATES OF AMERICA

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16  THE UNITED STATES OF AMERICA          Case No.:  C 07-01856  SC

17          Plaintiff,

18  v.                                    **JOINT STIPULATION FOR ENTRY OF**
                                          **JUDGMENT**
19  AMERICAN VAN LINES

20          Defendant.

21

22

23

24          It is hereby STIPULATED by and between plaintiff, United States of America, and

25  defendant, GFC Moving and Storage, Inc. d/b/a/ American Van Lines, that in the event

26  payment required to be made by defendant to plaintiff pursuant to the Settlement Agreement

27  signed by the parties is not timely made, and defendant has failed to cure said default within

28

JOINT STIPULATION FOR ENTRY OF JUDGMENT
U.S. v. AMERICAN VAN LINES – Case No. C 07-01856  SC

ten (10) calendar days after plaintiff has given notice of the default to defendant, then judgment against defendant shall be calculated and entered as follows:

    1.  If default occurs before the initial payment is made, then the judgment shall be in the amount of $60,425.

    2.  If default occurs before the first quarterly payment is made, then the judgment shall be in the amount of $52, 712.50.

    3.  If default occurs before the second quarterly payment is made, then the judgment shall be in the amount of $47, 712.50.

    4.  If default occurs before the third quarterly payment is made, then the judgment shall be in the amount of $42, 712.50

    5.  If default occurs before the fourth quarterly payment is made, then the judgment shall be in the amount of $37, 712.50.

    6.  If default occurs before the fifth quarterly payment is made, then the judgment shall be in the amount of $32,712.50.

    7.  If default occurs before the sixth quarterly payment is made, then the judgment shall be in the amount of $27,712.50.

    8.  If default occurs before the seventh quarterly payment is made, then the judgment shall be in the amount of $22,712.50.

    9.  If default occurs before the eighth quarterly payment is made, then the judgment shall be in the amount of $17,712.50.

    10. If default occurs before the ninth quarterly payment is made, then the judgment shall be in the amount of $12,712.50.

The judgment entered pursuant to this stipulation shall accrue interest as of the date of default until paid in full at the rate established by the Secretary of the United States Treasury in accordance with Public Law 95-563.

2

JOINT STIPULATION FOR ENTRY OF JUDGMENT
U.S. v. AMERICAN VAN LINES — Case No. C 07-01856 SC

1

2        GFC MOVING AND STORAGE, INC.
         d/b/a AMERICAN VAN LINES
3

4    Dated: 6 Dec 2007      By: _____

5                               GEORGE CORREA, PRESIDENT

6

7                               LOW, BALL & LYNCH

8

9    Dated: 12-5-2007       By: _____

10                              GUY W. STILSON
                                Attorneys for Defendant
11

12

13                              SCOTT N. SCHOOLS
                                United States Attorney
14

15   Dated: 5 Dec. 2007

16                              JOHN M. CUMMINS
                                Special Assistant United States Attorney
17
                                Attorneys for Plaintiff
18

19

20

21

22

23

24

25

26   JOINT STIPULATION FOR ENTRY OF JUDGMENT            3
27   U.S. v. AMERICAN VAN LINES  –  Case No. C 07-01856  SC

28

# Exhibit B

to Settlement Agreement and Release

1  SCOTT N. SCHOOLS (SCSB 9990)
   United States Attorney
2  CHARLES M. O'CONNOR (SBN 56320)
   Assistant United States Attorney
3  Environment and Natural Resources
   450 Golden Gate Avenue, Box 36055
4  San Francisco, CA 94102-3495
   Telephone: (415) 436-7180
5  Facsimile: (415) 436-6748

6  JOHN M. CUMMINS (PA Bar 58539)
   Special Assistant United States Attorney
7  410 Palm Avenue, Bldg. 1, Suite 161
   San Francisco, CA  94130-1806
8  Telephone: (415) 743-7418
   Facsimile: (415) 743-4700

9

10 Attorneys for Plaintiff UNITED STATES OF AMERICA

11

12            IN THE UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15

   THE UNITED STATES OF AMERICA          Case No.:  C 07-01856  SC
16
             Plaintiff,
17                                        **JOINT STIPULATION OF DISMISSAL
   v.                                     WITH LEAVE TO REINSTITUTE
18                                        ACTION;  [PROPOSED] DISMISSAL
   AMERICAN VAN LINES                     ORDER [Fed.R.Civ.P. 41(a)(1)(ii)]**
19
             Defendant.
20

21

22

23

24
         It is hereby STIPULATED by and between plaintiff, United States of America, and
25
   defendant, GFC Moving and Storage, Inc. d/b/a/ American Van Lines, that this action be
26
   dismissed without prejudice in accordance with the terms of the Settlement Agreement
27
   attached hereto as Exhibit A.
28

   JOINT STIPULATION OF DISMISSAL AND [PROPOSED] DISMISSAL ORDER
   U.S. v. AMERICAN VAN LINES  –  Case No. C 07-01856 SC

1    The parties further agree and stipulate that in the event a payment required to be made

2  by the defendant to the plaintiff pursuant to the Settlement Agreement is not timely made, the

3  plaintiff may rescind its release, rescind this Stipulation of Dismissal, reinstitute this civil

4  action and file the Stipulation for Entry of Judgment with the Court and have judgment entered

5  in accordance with the Settlement Agreement.  The parties respectfully request the Court to

6  retain jurisdiction to enforce the terms of the Settlement Agreement in accordance with the

7  terms of the attached [Proposed] Dismissal Order.

8    Except as expressly provided to the contrary in the Settlement Agreement, each party

9  shall bear its own legal and other costs incurred in connection with this matter.

10    Respectfully submitted,

11

12    GFC MOVING AND STORAGE, INC.
      d/b/a AMERICAN VAN LINES
13

14  Dated: 6 Dec 07
                                          By: _____
15                                            GEORGE COREA, PRESIDENT

16

17    LOW, BALL & LYNCH

18  Dated: 12-5-2007
                                          By: _____
19                                            GUY W. STILSON
                                              Attorneys for Defendant
20

21

22    SCOTT N. SCHOOLS
      United States Attorney
23

24  Dated: 5 Dec 2007
                                          _____
25                                            JOHN M. CUMMINS
                                              Special Assistant United States Attorney
26
                                                        2
27  JOINT STIPULATION OF DISMISSAL AND [PROPOSED] DISMISSAL ORDER
    U.S. v. AMERICAN VAN LINES – Case No. C 07-01856 SC
28

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA | Case No.: C 07-01856 SC |
| Plaintiff, | |
| v. | **[PROPOSED] DISMISSAL ORDER** **[Fed.R.Civ.P. 41(a)(1)(ii)]** |
| AMERICAN VAN LINES | |
| Defendant. | |

It is stipulated among the parties to this action and is hereby ORDERED and

DETERMINED by the COURT as follows:

1.    This action is dismissed without prejudice in accordance with the terms of

the parties' Settlement Agreement, attached as Exhibit A to the Joint

Stipulation of Dismissal, and subject to the other requirements of this

ORDER.

2.    The terms of the Settlement Agreement signed by the Parties and dated

December ___, 2007 (including its attachments), are incorporated into this

ORDER, and the COURT retains jurisdiction over said Settlement

1    Agreement.

2    3.    In the event the payments required to be made by the defendant to the

3    plaintiff pursuant to the Settlement Agreement are not timely made, the

4    plaintiff may rescind its release, rescind this Stipulation of Dismissal and/or

5    reinstitute this civil action and have judgment entered in accordance with the

6    Stipulation for Entry of Judgment attached to the Settlement Agreement and

7    incorporated into this ORDER by reference.

8

9

10    IT IS SO ORDERED.

11

12    DATED:

13

14

15    _____

16    UNITED STATES JUDGE

17

18

19

20

21

22

23

24

25

26    JOINT STIPULATION OF DISMISSAL AND [PROPOSED] DISMISSAL ORDER

4

27    U.S. v. AMERICAN VAN LINES  –  Case No. C 07-01856  SC

28